

**SIGNED this 09 day of November, 2009.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 04-70470- JTL |
| SYLVESTER W. DEPASTURE, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |

_____

| | | |
|---|---|---|
| SYLVESTER W. DEPASTURE, | ) | ADVERSARY PROCEEDING |
| | ) | |
| Debtor, | ) | CASE NO.: 09-07006 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

Defendant,                                    )
_____               )

## Memorandum Opinion

This matter comes before the court on Sylvester W. Depasture's ("Debtor") motion for summary judgment requesting that the tax liability of the Debtor for years 1994 and 1995 be declared discharged pursuant to 11 U.S.C. § 727. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I).

This adversary case was filed on February 17, 2009. Debtor filed his motion for summary judgment on August 21, 2009, which included a statement of uncontested facts. On September 14, 2009, the United States on behalf of the Internal Revenue Service (IRS) filed its Opposition to Debtor's Motion For Summary Judgment and Cross Motion for Summary Judgment, including its own statement of uncontested facts. On October 6, 2009, Debtor filed his response to the IRS' opposing brief. No oral argument was heard on the motions.

## Statement of Facts

The facts in this case are undisputed. According to Internal Revenue Service (IRS) official records, Debtor filed his 1994 and 1995 federal income tax returns on April 12, 1995 and April 13, 1996, respectively. (Def.'s Ex. A & C, Certificates of Official Record). Section 6501(b) of the Internal Revenue Code provides that a return filed before its deadline is deemed filed on April 15th of the relevant year. Hence, the IRS deemed the 1994 and 1995 tax returns filed on April 15, 1995, and April 15, 1996.

Debtor entered into an agreement with the IRS with respect to tax years 1994 and 1995 to extend the statute of limitations on tax assessments until December 31, 1999. The IRS issued a statutory Notice of Deficiency proposing to assess deficiencies in tax for

each of these years on October 19, 1999. Pursuant to I.R.C. § 6213, Debtor petitioned the United States Tax Court with respect to his proposed tax deficiencies for 1994 and 1995 on January 18, 2000, 90 days after issuance of the notice of deficiency. The Tax Court issued a decision determining those liabilities on July 1, 2003. The Debtor did not appeal the Tax Court decision. The IRS assessed the additional tax liabilities as determined by the Tax Court on January 16, 2004. Debtor filed a Chapter 7 petition on March 30, 2004. The Court granted Debtor a discharge on July 9, 2004. Neither the Debtor nor the IRS filed a Complaint to determine the dischargeability of the tax debt. On January 28, 2009, Debtor reopened this case seeking a determination of his tax liabilities for tax years 1994 and 1995 pursuant to 11 U.S.C. § 505(a).

## Conclusions of Law

Under § 505 of the Bankruptcy Code, the bankruptcy court "may" determine the amount and legality of any tax, fine or penalty whether or not contested before a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. § 505(a). Thus, the power of a bankruptcy court to determine a Debtor's tax liability is discretionary and may or may not be exercised based on the equities of the particular case. In re Galvano, 116 B.R. 367, 372 (Bankr. E.D. N.Y. 1990).

The court has considered, among other things, "the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the bankruptcy court's docket, the length of time required for trial and decision, the asset and liability structure of the Debtor, and the prejudice to the taxing authority." Starnes v. United States ( In re Starnes ), 159 B.R. 748, 750 (Bankr. W.D. N.C. 1993) (citing In re Hunt, 95 B.R. 442, 445 (Bankr. N.D. Tex. 1989)). One other

factor to be considered is the Debtor's "fresh start" provision. In re Thornton, 1995 WL 442192 at 6 (Bankr. M.D. Ga. 1995).

In the instant case, the Court agrees with Debtor's assertion that the determination of the tax issues in this case are not of such complexity that it requires the expertise of the Tax Courts. Furthermore, the burden on the bankruptcy docket is low and the length of time required for decision is short. The Debtor here has sought relief in this Court to determine whether or not he is eligible for a discharge of his 1994 and 1995 tax liabilities. In order to grant this Debtor a fresh start, it is necessary to determine whether the assessment on January 16, 2004 conformed to the legal requirements set forth in the Internal Revenue Code.

**The IRS assessments were timely made.**

As a general rule, taxes must be assessed within three years after a return is filed. I.R.C. § 6501(a). Debtor's 1994 and 1995 federal income tax returns were deemed filed on April 15, 1995, and April 15, 1996, respectively. I.R.C. § 6501(b). Therefore, pursuant to § 6501(a), the IRS had until April 15, 1998, and April 15, 1999, respectively, to assess additional tax for these tax years. Pursuant to § 6501(c)(4),[1] this 3-year period may be extended by the consent in writing of the Secretary and the taxpayer, and the expiration period thus extended may be further extended by subsequent timely agreements in

---

[1] "Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon." 26 U.S.C. § 6501(c)(4).

writing. In this case, the Debtor and the IRS entered into a valid consent agreement (Form 872) extending the assessment period to December 31, 1999.[2] I.R.C. § 6501(c)(4).

I.R.C. § 6503(a)(1) *suspends* the 3-year § 6501(a) limitations period (as extended) upon the issuance of a statutory notice of deficiency. § 6503(a)(1) provides in pertinent part:

> The running of the period of limitations provided in § 6501 * * * shall (after the mailing of the notice under § 6212(a)) be *suspended* for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, *until the decision of the Tax Court becomes final), and for 60 days thereafter.*(emphasis added)

A contractually extended limitations period, authorized by § 6501(c)(4), is a limitations period within the meaning of § 6501. Meridian Wood Products, Inc. v. United States, 725 F.2d 1183, 1186 (9th Cir. 1984). Therefore, the extended limitations period is subject to the suspension provision of § 6503(a). Id. As provided by § 7481(b), a decision of the Tax Court becomes "final" upon the expiration of 90 days after the decision is entered. I.R.C. § 7481(b).

The Tax Court entered its decision against the Debtor on July 1, 2003, and the Debtor did not appeal the decision. Therefore, the Tax Court decision became final 90 days from the date of the decision, on September 29, 2003, pursuant to I.R.C. § 7481(b). Pursuant to § 6503, the limitations period would be further suspended for an additional

---

[2] There was initially some confusion between the parties as to whether the agreement signed was a Form 872-A rather than a Form 872. The difference between the two documents is significant. Form 872-A is an open-ended agreement with no definite expiration date. Because there is no definite expiration period, the issuance of a notice of deficiency marks the end of the expiration period. The facts show that Debtor and IRS agreed to extend the expiration period to a definite date, December 31, 1999. Furthermore, Debtor's prior stipulation to the United States Tax Court includes a reference to Form 872. Thus, this Court finds that Debtor could only have signed a Form 872 to extend the expiration period to December 31, 1999.

60 days (November 28, 2003).  This is the point at which the parties' disagreement comes to a head. The Debtor contends that the IRS may not "tack on" the remaining 73 days of the limitation period that was extended pursuant to the § 6501(c)(4) agreement (Form 872). The IRS contends that the 73 days remaining in the limitations period between the October 19, 1999 notice of deficiency and the December 31, 1999 expiration date should be tacked on or continued to run when the suspension ends, effectively extending the limitation period to February 9, 2004, rendering the January assessment timely.

It has long been held that it is appropriate to add or "tack on" the days remaining when the limitations period was interrupted or suspended by the issuance of a notice of deficiency. <u>Ripley v. Comm'r</u>, 105 T.C. 358, 363 (1995) (unexpired portion of original period of limitations held properly "tacked" onto suspension period of section 6503); <u>Meridian Wood Products, Inc. v. United States</u>, 725 F.2d 1183, 1186 (9th Cir. 1984) (finding that extended limitations period is subject to suspension provision of § 6503(a)); <u>see also</u> <u>Bales v. Commissioner</u>, 22 T.C. 355, 359 (1954) (quoting <u>Olds & Whipple v. United States</u>, 86 Ct. Cl. 705, 22 F. Supp. 809, 819 (1938) (interpreting section 277(b) of the 1926 Revenue Act, the predecessor of section 6503(a)(1): "We think the language of the statute is not reasonably susceptible to any other construction. It plainly states that the running of the statute of limitation shall be suspended and this can only mean that when the period of suspension ceases the limitation period again commences to run.")).

The Debtor is focused on the actual language in the first paragraph of Form 872, which provides that if a notice of deficiency in tax for any period is sent to the taxpayer, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days. The Debtor believes this to mean

that because the IRS was previously prohibited from making an assessment until September 29, 2003 (150 days after the entry of the Tax Court's decision), the IRS only had 60 days thereafter to make an assessment.

This belief is erroneous in the wake of preceding case law. In Ramirez v. U.S., the court addressed the timeliness of an assessment, considering the language in the first paragraph of Form 872[3] extending the period for assessment in the event that a timely notice of deficiency is issued and the statutory suspension of § 6503(a)(1). 210 Ct.Cl. 537, 538 F.2d 888, 890-893 (1996). The court clearly elaborated as follows:

> Section 6503(a)(1) suspends the running of the period of limitations, when a notice of deficiency is sent, for the period during which an assessment is prohibited and for 60 days thereafter. In light of the striking similarity between section 6503(a)(1) and the proviso contained in the agreement, we think the latter was designed to foster the policy underlying the former. Id.

In reaching this conclusion, the court reasoned that the word "extend" is tantamount to "suspend" given that section 277(b) of the Revenue Act of 1924, precursor to section 6503(a)(1) of the current Code, used the word 'extended' to achieve the same effect that 'suspended' achieves in the current section of the Code. Id.

Moreover, the Debtor is confusing how a suspension of a statute of limitations operates. Once the suspension under either the proviso of Form 872 or the statutory language of § 6503 comes to an end, the limitations period begins to run again. The Debtor seems to have confused the 60-day suspension provided in either § 6503 or Form 872 as a grace period during which the IRS may make an assessment. This is an erroneous interpretation of the law. The 60-day period of extension/suspension is a

---

[3] Form 872 states in pertinent part: "However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further **extended** by the number of days the assessment was previously prohibited, plus 60 days." (emphasis added).

period of time in which the IRS is forbidden from making an assessment. See Ramirez, 538 F.2d 890-893. Thus, once that period ends, the statute of limitations will continue to run its course. Id.

The assessment limitations period was tolled by statute in Debtor's case as follows:
- For the 90 days after the notice of deficiency was mailed. I.R.C. §6213;
- Plus the period during which the Tax Court case was pending. I.R.C. § 6503(a);
- Plus 90 days after the Tax Court issued its decision in Debtor's § 7463 "small case" until that decision became final. I.R.C. § 7481(b);
- Plus 60 days. I.R.C. § 6503(a)(1) or Form 872 proviso.

This brings the end of the tolling period to November 28, 2003. The issuance of the notice of deficiency on October 19, 1999 in no way truncated the agreed upon expiration date of December 31, 1999. Therefore, the 73 days left remaining between the October 19, 1999 issuance of the notice of deficiency and the agreed upon limitation date of December 31, 1999 would be tacked onto the date the suspension ended. This results in the assessment period coming to an end on February 9, 2004. Because the IRS assessed the Debtor's tax liabilities for 1994 and 1995 on January 16, 2004, the tax assessments were timely made. Given that the IRS' tax assessment is deemed timely under the standard 3-year statute of limitations, the Court need not delve into whether the IRS was entitled to a six-year statute of limitations under I.R.C. § 6501(e).

**The tax liabilities are nondischargeable pursuant to 523(a)(1)(A) and 507(a)(8)(ii).**

11 U.S.C. 523(a)(1)(A) provides that a "discharge under section 727 . . . of this title does not discharge an individual Debtor from any debt for a tax or a customs duty of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." 507(a)(ii) tax claims are those assessed within 240 days before the date of the filing of the petition. 11 U.S.C. 507(a)(ii). The Debtor filed his Chapter 7 petition on March 30, 2004, less than 240 days

after January 16, 2004. Because the 1994 and 1995 tax liabilities were assessed fewer than 240 days before the date of Debtor's Chapter 7 petition, the tax liabilities are nondischargeable as a matter of law pursuant to sections 523(a)(1)(A) and 507(a)(8)(ii) of the Bankruptcy Code.

Accordingly, the Debtor's motion for summary judgment will be DENIED and the United States' cross-motion for summary judgment will be GRANTED. An order in accordance with this Memorandum Opinion will be entered.